72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Avis HARDER; James J. Sears; Naomi McCasland; Marjorie
Stowe; Frances Weber; Marian Schieldman; Nancy
C. Coggin; Ruth Gardner, Plaintiffs-Appellants,
v.
UNITED STATES of America; United States Air Force; Charles
Huerta, Civilian Personnel Officer, in his individual and
official capacities; Marcelite J. Harris, General USAF,
Vice Commander, Defendants-Appellees.
 No. 94-6459.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the district court's dismissal of their claims. Plaintiffs were civilian employees of the United States Department of the Air Force. In February 1993, the Air Force was given the authority to offer eligible employees early retirement with separation pay incentives. The Air Force denied plaintiffs' applications for separation incentives based on the fact that they had been transferred and were "non Air Force tenants." Plaintiffs brought an action in the district court seeking judicial review of the denial of separation incentives. The district court dismissed the claims of all plaintiffs except James Sears for failure to exhaust their administrative remedies. On rehearing, the district court dismissed Mr. Sears' claims for want of jurisdiction.[2] We affirm.
 
 
 3
 We review de novo the district court's ruling on a motion to dismiss. Steele v. United States, 19 F.3d 531, 532 (10th Cir.1994). We agree with the district court that all of the plaintiffs' claims fall within the scope of, and are, therefore, preempted by, the Civil Service Reform Act (CSRA), 5 U.S.C. 1214, 2302.
 
 
 4
 The CSRA provides a comprehensive claims procedure for most government employees, including a provision for judicial review of final determinations of the Merit Systems Protection Board, where there is an allegation of prohibited personnel practices. See 5 U.S.C. 1214. A "prohibited personnel practice" is defined under 5 U.S.C. 2302. Of this comprehensive CSRA claims procedure the Supreme Court said: "Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures--administrative and judicial--by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies." Bush v. Lucas, 462 U.S. 367, 385 (1983). The Court has further said that "[t]he CSRA established a comprehensive system for reviewing personnel action taken against federal employees. United States v. Fausto, 484 U.S. 439, 455 (1988).
 
 
 5
 Steele, 19 F.3d at 532-33 (additional citation omitted); see also Weatherford v. Dole, 763 F.2d 392, 394 (10th Cir.1985).
 
 
 6
 Based on these principles, this court has held that "Federal and state court actions 'complain[ing] of activities prohibited by the CSRA ... are preempted by the CSRA.' " Steele, 19 F.3d at 533 (quoting Petrini v. Howard, 918 F.2d 1482, 1485 (10th Cir.1990)(alteration in original) and collecting cases). Plaintiffs in this case complain of wrongful and arbitrary denial of separation pay incentives, an action prohibited by the CSRA.[3] See 5 U.S.C. 2302(a)(2)(A)(ix), (b)(11). Thus, plaintiffs' claims are preempted by the CSRA, and the district court was without jurisdiction to review the decision to deny separation pay incentives.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In its initial order, the district court exercised jurisdiction under 28 U.S.C. 1331 and dismissed the claims of all bargaining unit member plaintiffs (leaving only Mr. Sears) for failure to exhaust available remedies under a Master Labor Agreement before seeking judicial relief
 In its order on reconsideration, the district court acknowledged that it had no jurisdiction to hear any of the plaintiffs' claims because they were preempted by the Civil Service Reform Act. The court went on to dismiss Mr. Sears' claims on that basis but, since it had already dismissed the other plaintiffs' claims on "alternate grounds," it chose not to do so again in its amended order on reconsideration.
 
 
 [3]
 Plaintiffs do not appeal the district court's dismissal of their claims brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Appellants' Br. at 3 n. 2