**Joseph GOLEMBIEWSKI and Thomas E. Hickey, Plaintiffs,**

**v.**

**Roger JOHNSON, Administrator of the General Services Administration, the General Services Administration, James B. King, Director of the Office of Personnel Management, Office of Personnel Management, Jointly and Severally, Defendants.**

No. 95–CV–71318–DT.

United States District Court, E.D. Michigan, Southern Division.

Feb. 2, 1996.

ties, the effects of some natural "disasters" can be mitigated.

Andrew J. Dillon, Dykema Gossett, Detroit, MI, Joseph A. Golden, Marvin R. Stempien, and Carl B. Downing, Sommers, Schwartz, Silver & Schwartz, P.C., Southfield, MI, for plaintiffs.

Peter A. Caplan, United States Attorney's Office, Detroit, MI, for defendants.

### OPINION AND ORDER

ZATKOFF, District Judge.

## I. INTRODUCTION

This matter is before the Court on defendants' Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c), and alternatively for Summary Judgment. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D.Mich. Local R. 7.1(e), this Court ORDERS that the motions be decided upon the briefs submitted, without the Court entertaining oral arguments. For the reasons that follow, defendants' motion is GRANTED.

## II. BACKGROUND

Plaintiffs were both employed by the General Services Administration (hereinafter "GSA") as federal police officers at the relevant time. Plaintiff Hickey is now 49 years old and plaintiff Golembiewski is 47 years old. Golembiewski resigned from the GSA in 1994, while Hickey continues to serve as a federal police officer.

In March of 1993, both plaintiffs applied for a criminal investigator position with the GSA but were not selected because each exceeded the maximum age requirement of 37 years attendant to the criminal investigator position. The maximum age requirement was promulgated by the GSA pursuant to 5 U.S.C. § 3307. The statute provides federal agencies with the authority to establish maximum age limits for "an original appointment" to a position as a "law enforcement officer" as defined under the Civil Service Retirement System and the Federal Employees' Retirement System. 5 U.S.C. § 3307(d), (e). In addition to being subject to § 3307 age limitations, law enforcement officers under both retirement systems enjoy enhanced retirement benefits. The GSA has not designated federal police officers as "law enforcement officers".

Plaintiffs filed administrative complaints with the GSA alleging age discrimination in June of 1993. The complaints were consolidated for hearing before Administrative Judge Henry Perez, who issued a decision finding age discrimination by the GSA as to Hickey but not as to Golembiewski. Judge Perez's decision distinguished each plaintiff's claim on the ground that he found Golembiewski to be subject to the Federal Employees' Retirement System while he found Hickey to be subject to the Civil Service Retirement System. Defendants' Brief, Ex. 13 at 9. The GSA issued a final agency decision on January 5, 1994, in which it declined to adopt Judge Perez's decision as to Hickey, and determined there was no discrimination as to either plaintiff.

On April 4, 1995, plaintiffs filed their 11 count complaint in this Court. Plaintiffs bring essentially two types of claims. First, in Count VIII, plaintiffs claim that the GSA's imposition of a 37 year age maximum for the criminal investigator position constitutes age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. See 29 U.S.C. § 633(a). The remainder of plaintiffs' claims are brought pursuant to various federal statutes, "federal common law" (Plaintiffs' Complaint ¶ 2), and the Fifth Amendment to the United States Constitution. These latter claims, as well as part of plaintiffs' age discrimination argument, all contend that the GSA's failure to designate federal police officers as law enforcement officers under the applicable definitions set forth in 5 U.S.C. § 8331(20) and 5 U.S.C. § 8401(17) (for Civil Service Retirement System and Federal Employees' Retirement System purposes, respectively) violates their statutory, common law, and Constitutional rights.

Defendants have filed the instant motion pursuant to Fed.R.Civ.P. 12(c) for Judgment on the Pleadings, and alternatively, for Sum-

mary Judgment. For the reasons that follow, defendants' motion shall be GRANTED.

## III. OPINION

### A. Plaintiffs' Age Discrimination in Employment Act Claim

■ Plaintiffs seek relief under the Age Discrimination in Employment Act, claiming that their ineligibility for the criminal investigator position in question constitutes age discrimination. Defendants argue that plaintiffs' Age Discrimination in Employment Act claims are precluded by 5 U.S.C. § 3307(d), which provides:

> The head of any agency may determine and fix the minimum and maximum limits of age within which an original appointment may be made to a position as a law enforcement officer or firefighter, as defined by section 8331(20) and (21), respectively, of this title.

In *Benford v. Frank,* 943 F.2d 609 (6th Cir. 1991), the Court of Appeals for the Sixth Circuit, citing *Stewart v. Smith,* 673 F.2d 485 (D.C.Cir.1982), noted that § 3307(d) is an exception to the Age Discrimination in Employment Act. The Court notes that the same conclusion is required as to § 3307(e). Accordingly, plaintiffs are precluded from bringing an Age Discrimination in Employment Act claim challenging the setting of maximum age limits pursuant to § 3307(d) or (e).

Plaintiffs proceed to argue that § 3307(d) and (e) are inapplicable to their Age Discrimination in Employment Act claims in that they only apply to maximum age limits for an "original appointment" to a law enforcement officer position. Plaintiffs claim that whereas their positions as federal police officers have been improperly designated by the GSA as non-law enforcement officer positions, their applications for the criminal investigator positions are not properly considered applications for "original appointments." Plaintiffs' argument is dependant upon their contention that they have been improperly designated as non-law enforcement officer employees by the GSA. As is more fully discussed below, the Court finds that it is without jurisdiction to entertain a challenge to the GSA's designation of federal police officer positions as non-law enforcement officer positions.

### B. Plaintiffs' Claims Challenging Designation as Non–Law Enforcement Officer Employees

Plaintiffs' claims brought in Count I (Declaratory Judgment), Count II (Breach of Contract), Count III (Detrimental Reliance), Counts IV, V and VI (Fifth Amendment Due Process and Equal Protection), Count VII (Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985), Count IX (Equal Pay for Equal Work Act, 5 U.S.C. §§ 5101, 5301), Count X (Back Pay Act, 5 U.S.C. § 5596), Count XI (Mandamus, 28 U.S.C. § 1361), and part of Count VIII (Age Discrimination in Employment Act, *supra* ), all challenge the GSA's determination that federal police officers are not law enforcement officers. Plaintiffs' claims, with the possible exception of their Fifth Amendment claims as discussed below, must fail if the GSA's determination is proper under the applicable legislative directives.

#### 1. Civil Service Reform Act Preemption

■ Defendants challenge the Court's jurisdiction to review the GSA's designation of federal police officers as non-law enforcement officer employees based on the procedures set forth in the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), and the principles set forth in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). In *Fausto,* the Supreme Court found that the Civil Service Reform Act precluded judicial review of a former federal employee's claim brought pursuant to the Back Pay Act, *supra.* "The [Civil Service Reform Act] established a comprehensive system for reviewing personnel action taken against federal employees." *Fausto, supra,* at 455, 108 S.Ct. at 677–78.

In *Ryon v. O'Neill,* 894 F.2d 199 (6th Cir.1990), the Sixth Circuit found that the Civil Service Reform Act precluded judicial review of personnel action taken by the Defense Mapping Agency, and likewise, a federal employee's discrimination claim, where no

such review was provided for in the Civil Service Reform Act itself. The *Ryon* Court stated:

It is hard to imagine that such an intricate statutory scheme was intended as a mere alternative to direct review in the federal courts ...

. . . .

... [T]he text of the [Civil Service Reform Act], the structure of review it establishes, and the legislative history of the Act, all lead ineludibly to the conclusion that Congress intended review of agency reassignment decisions to be confined to the specific procedures set out in the text of the Civil Service Reform Act.

*Id.,* at 203, 204.

■ To summarize, the relevant question in determining whether the Court has jurisdiction to entertain a challenge to the instant administrative action is whether the action falls within the scope of, and is, therefore, preempted by, the Civil Service Reform Act. *See Harder v. United States,* No. 94–6459, 72 F.3d 137, 1995 WL 715501 at *1 (10th Cir. Dec. 6, 1995).

### 2. Civil Service Reform Act Preemption Analysis

Neither party has brought to the Court's attention a judicial opinion in which a district court has either asserted or expressly disclaimed jurisdiction over a challenge to a law enforcement officer designation by the GSA. The Court's own inquiry confirms that the issue has not been directly addressed in a published opinion.

In opposition to defendants' motion, plaintiffs cite various instances in which courts have determined that the Merit Systems Protection Board lacks jurisdiction to entertain challenges to Office of Personnel Management pay system classifications. *Saunders v. Merit Systems Protection Board,* 757 F.2d 1288 (Fed.Cir.1985); *Gust v. Office of Personnel Management,* 43 M.S.P.R. 31 (1989); *Carty v. Department of Air Force,* 31 M.S.P.R. 24 (1986); *Alford v. Department of the Army,* 31 M.S.P.R. 20 (1986). Plaintiffs suggest that the Merit Systems Protection Board is similarly without jurisdiction to en-

tertain the instant challenge to the GSA's failure to designate federal police officers as law enforcement officers, and that the instant case is accordingly outside of the scope of the Civil Service Reform Act.

Plaintiffs proceed to offer *Bosco v. United States,* 931 F.2d 879 (Fed.Cir.1991). In *Bosco* the Federal Circuit Court of Appeals found that the United States Claims Court had jurisdiction to entertain a challenge by Internal Revenue Service (hereinafter "IRS") employees to a pay system reclassification by the IRS. The *Bosco* court rejected the government's argument that the Civil Service Reform Act preempted the Claims Court's consideration of the case in that the personnel action at issue was not covered by the Civil Service Reform Act. It is important to note that the Federal Circuit found Claims Court jurisdiction under the Tucker Act in that the legislation at issue was a "money-mandating statute." *Id.,* at 882.

Defendants counter plaintiffs' offering by distinguishing the pay system classification cases cited by plaintiff from cases specifically involving a challenge to a law enforcement officer designation, such as the instant case. Defendants cite various instances in which the Merit Systems Protection Board has asserted jurisdiction over a law enforcement officer designation case. *See, e.g., Morgan v. Office of Personnel Management,* 773 F.2d 282 (Fed.Cir.1985), *Obremski v. Office of Personnel Management,* 699 F.2d 1263 (D.C.Cir. 1983), and *Ferrier v. Office of Personnel Management,* 66 M.S.P.R. 241 (1995). In *Caponio v. Department of the Treasury,* 68 M.S.P.R. 633 (1995), the Board states:

The Board has jurisdiction to hear appeals of agency denials of law enforcement officer service credit, so long as the employee made the request for a determination from the agency within the 6–month time period or shows that he was unaware of his status or was prevented by circumstances beyond his control from requesting a change of official status. 5 C.F.R. §§ 842.807(a), 842.804(c); *DeVitto v. Department of Transportation,* 64 M.S.P.R. 354, 357 (1994).

*Id.,* at 636.

The instant case is unique in that plaintiffs manage to attach eleven Counts to the hook

of a law enforcement officer designation challenge. However, the Court finds no basis for distinguishing the instant case from those cited by defendants in which the Merit Systems Protection Board has exercised jurisdiction over the question. The Court finds that Congress has provided plaintiffs with a readily available avenue to challenge the law enforcement officer designation at issue through the Civil Service Reform Act. In keeping with the principles set forth in *Fausto, supra,* the Court finds that it is accordingly without jurisdiction to entertain plaintiffs' challenge to their status as non-law enforcement officers.

### 3. Plaintiffs' Fifth Amendment Claims

 The Court notes that plaintiffs similarly cannot circumvent the procedures set forth in the Civil Service Reform Act by way of a Constitutional challenge brought in this Court. Although Congress cannot unilaterally limit the scope of the Fifth Amendment's protections, various courts have found that Congress, in promulgating the Civil Service Reform Act, has limited the jurisdiction of district courts by providing for more narrow avenues of judicial review of Constitutional claims. The issue was recently addressed in *Porter v. United States Department of the Army,* 1995 WL 461898 (N.D.Ill.1989). The *Porter* court found as follows:

> In short, absent an entrance through a [Civil Service Reform Act]—provided window into federal court, a federal employee may not bring a Bivens action alleging due process violations in the context on an adverse employment decision because such actions are actionable under the comprehensive scheme provided by the [Civil Service Reform Act].

*Id.,* at *9. The *Porter* court relied on *Feit v. Ward,* 886 F.2d 848 (7th Cir.1989), and *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), for the proposition that "the nature of the [Civil Service Reform Act] and Congress's expertise and authority in the field of federal employee relations constitute 'special factors counseling [judicial] hesitation.'" *Porter, supra,* (quoting *Carlson, supra,* at 18, 100 S.Ct. at 1471).

This Court in *Borkins v. U.S. Postal Service, et al.,* 1994 WL 780900, dismissed a federal employee's Fifth Amendment Due Process claim on the basis of the protections provided in the Civil Service Reform Act. In *Borkins,* a case where the plaintiff had previously pursued his claims under the rubric of the Civil Service Reform Act, the Court found that "the provisions of the Civil Service Reform Act of 1983 satisfy due process under the Constitution because they provide notice and an opportunity to be heard." *Id.,* at *4.

The Court finds that it without jurisdiction to hear plaintiffs' Constitutional challenges to their status as non-law enforcement officers. In accordance with the reasoning from *Porter, supra,* the Court finds that Congress has committed such determinations elsewhere. Accordingly, plaintiffs' Fifth Amendment claims must be also be dismissed.

## IV. CONCLUSION

For the reasons stated above, defendants' Motion for Judgment on the Pleadings, pursuant to Fed.R.Civ.P. 12(c), is GRANTED and plaintiffs' action is DISMISSED.