**Stephen M. KOSLOW, Plaintiff,**

v.

**Reed E. HUNDT, Chairman of the Federal Communications Commission, Defendant.**

**Civil Action No. 94–1739.**

United States District Court, District of Columbia.

Nov. 14, 1995.

Alan Banov, Washington, DC, for plaintiff.

Robert L. Shapiro, Assistant United States Attorney, Washington, DC, for defendant.

---

MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

Plaintiff filed this action alleging a discriminatory failure to hire under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. During the course of discovery, plaintiff uncovered evidence that defendant may have retaliated against him after plaintiff accused defendant of practicing age discrimination. Plaintiff was granted leave to amend his complaint in order to add allegations related to retaliation. Defendant moves for dismissal of plaintiff's retaliation claim under Rule 12(b)(6), Fed. R.Civ.P., on the ground that the federal government has not waived sovereign immunity for retaliation claims connected to ADEA complaints.

The ADEA was enacted in 1967 to protect older workers from discrimination based on age. The protection of the Act was originally limited to private sector employees. In 1974, Congress expanded the ADEA to cover the employment decisions of the federal government. Lehman v. Nakshian, 453 U.S. 156, 157, 101 S.Ct. 2698, 2700, 69 L.Ed.2d 548 (1981). As amended, the ADEA requires that federal government employment decisions "affecting employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Congress also added section 633a(c) which provides the Court with jurisdiction to hear actions brought by federal employees under the ADEA "for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 633a(c). That purpose is to promote employment of older persons based on their ability exclusive of considerations of age and to prohibit arbitrary discrimination in employment on the basis of age. 29 U.S.C. § 621(b).

The United States, as sovereign, is immune from suit unless it consents to be sued. Lehman v. Nakshian, 453 U.S. at 160, 101 S.Ct. at 2701; Dorsey v. Department of Labor, 41 F.3d 1551, 1555 (D.C.Cir.1994). With the ADEA, the government has waived sovereign immunity by consenting to be sued with regard to personnel decisions that are infected with discrimination based on age.

The parties disagree about whether this waiver of immunity also permits an age-related reprisal claim to be maintained against the federal government. Surprisingly, no court has ever decided this issue.

Several courts have recognized the possibility that such an action for reprisal or retaliation is not permitted by the ADEA, but for various reasons those courts have not found it necessary to resolve the issue. See, e.g., Bornholdt v. Brady, 869 F.2d 57, 62 (2d Cir.1989); Muth v. Marsh, 525 F.Supp. 604, 606 & n. 1 (D.D.C.1981). Other courts, including some in this Circuit, have simply assumed that age-related retaliation claims against the federal government are actionable under the ADEA and reached decisions on the merits without any indication the issue was expressly raised at all. See, e.g., Schmid v. Frosch, 680 F.2d 248 (D.C.Cir.1982); Faherty v. Lockhart, 751 F.Supp. 994, 1004–05 (D.D.C.1990). See also Siegel v. Kreps, 654 F.2d 773, 782–83 & n. 43 (Robinson, J., concurring).

When Congress amended the ADEA in 1974 to make it applicable to the federal government, it did not add the government to section 603(b)'s definition of "employers" subject to the Act. Rather, it enacted an entirely separate section relating to the federal government as employer. 29 U.S.C. § 633a. Thus, in seeking authority to hear a retaliation claim, the Court cannot look to section 623(d) of the Act, which expressly prohibits retaliation by "employers," since the term "employer" refers only to private employers and state and local government employers. 29 U.S.C. § 603(b).

In 1978, Congress further amended the Act to provide that "[a]ny personnel action of any department, agency, or other entity referred to in [29 U.S.C. § 633a(a) ] of this section shall not be subject to, or affected by, any provision of this chapter, other than the provision[ ] [establishing that all federal employees who are at least 40 years old are considered protected employees under the Act] and the provisions of this section." 29 U.S.C. § 633a(f). The Supreme Court has interpreted this section to mean that "federal personnel actions covered by [§ 633a] are not

subject to any other section of the ADEA." *Lehman v. Nakshian,* 453 U.S. at 168, 101 S.Ct. at 2705.

Thus, Congress has made clear that in interpreting section 633a, the Court may not borrow provisions from elsewhere in the ADEA. As the Second Circuit explained in *Bornholdt v. Brady,* 869 F.2d at 65:

> When Congress amended the ADEA in 1974 to make it applicable to the federal government, it did not merely add the government to [the] definition of employers subject to the Act. . . . Rather it added a relatively self-contained section, 29 U.S.C. § 633a, which prohibits age discrimination by the designated federal agencies. . . . To ensure the insularity of § 633a, Congress added a subsection in 1978 which . . . expressly forbids incorporation of any other ADEA provision into § 633a. . . . The legislative history states that § 633a(f) was added "to make it clear that section [633a] . . . is independent of any other sections of [the ADEA]."

Plaintiff urges the Court to look to the interpretation afforded an almost identically worded Title VII provision that prohibits discrimination by the federal government based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–16(a). Unlike the ADEA, Title VII has been interpreted by numerous courts to waive sovereign immunity for claims of reprisal or retaliation by federal employees who file charges of discrimination. *See Ethnic Employees of the Library of Congress v. Boorstin,* 751 F.2d 1405, 1415 & n. 13 (D.C.Cir.1985) (citing *Porter v. Adams,* 639 F.2d 273, 277–78 (5th Cir.1981)); *White v. General Services Admin.,* 652 F.2d 913, 917 (9th Cir.1981); *Ayon v. Sampson,* 547 F.2d 446, 449–50 (9th Cir. 1976).

 Waivers of sovereign immunity are to be construed strictly and may not be inferred or implied. *See, e.g., Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Dorsey v. Department of Labor,* 41 F.3d at 1555. The Court may not find a waiver unless the intent of Congress is "unequivocally expressed" in the relevant statute. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980) (quoting *United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). As our court of appeals said in *Dorsey:*

> The federal government's waiver of sovereign immunity must be "unequivocally expressed" and the statutory provision containing the expression must "establish unambiguously that the waiver extends to monetary claims." . . . While private rights of actions may be implied, waivers of sovereign immunity may not. The Supreme Court has said exactly that, and on more than one occasion: "A waiver of sovereign immunity 'cannot be implied'. . . ."

*Dorsey v. Department of Labor,* 41 F.3d at 1555 (quoting, *inter alia, Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)). *See United States v. Nordic Village,* 503 U.S. 30, 33–34, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992). The Supreme Court "has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. at 161, 101 S.Ct. at 2701–02 (quotations omitted).

While some have argued that retaliation claims under Title VII do not meet these stringent tests for the waiver of sovereign immunity, our court of appeals and others expressly have consistently held that Title VII proscribes retaliation by the federal government as employer. *See, e.g., Ethnic Employees of the Library of Congress v. Boorstin,* 751 F.2d at 1415 & n. 13; *Ayon v. Sampson,* 547 F.2d at 449–50. The same is not true with respect to the ADEA. Section 633a contains a general proscription against age discrimination, but does not mention retaliation or reprisal. By contrast, the ADEA provisions relating to private employees and employees of state and local governments expressly provide for age-related retaliation claims. 29 U.S.C. § 623(d). A general proscription against discrimination based on age does not unequivocally express Congressional intent to prohibit retaliation, which derives from different biases and discriminatory motives than age itself.

Courts often rely upon the many distinctions between the ADEA and Title VII, de-

clining to judicially import the unique aspects of one into the other. *See, e.g., EEOC v. Arabian American Oil Co.,* 499 U.S. 244, 256, 111 S.Ct. 1227, 1234–35, 113 L.Ed.2d 274 (1991). In particular, with respect to retaliation claims, there is one striking, indeed crucial, difference between the statutes. The Title VII provisions relating to discrimination by the federal government do not include an exclusivity provision. In fact, section 2000e–16(d) of the Title VII provision concerning the federal government directs the Court to the general Title VII sections governing remedies, including those for retaliation. *Ayon v. Sampson,* 547 F.2d at 449. The ADEA by contrast has an express exclusivity provision. Thus, in enacting the ADEA, Congress not only did not expressly waive sovereign immunity with respect to retaliation claims, it clearly declined to do so.

While it may seem anomalous to protect private and not federal employees from retaliation under the ADEA, or to permit people to complain about discrimination but not to prohibit conduct that might inhibit such complaints, it is the job of Congress and not this Court to correct any perceived incongruity.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is GRANTED. Count V of plaintiff's Verified Amended Complaint is DISMISSED.

SO ORDERED.