**John B. HAYES, Plaintiff,**

v.

**Donna SHALALA, Defendant.**

Nos. 93–1504, 94–1645.

United States District Court,
District of Columbia.

Nov. 30, 1995.

David H. Shapiro, Swick & Shapiro, Washington, D.C., for plaintiff.

Stacy M. Ludwig, Assistant U.S. Attorney, Washington, D.C., for defendant.

## *ORDER*

PAUL L. FRIEDMAN, District Judge.

These consolidated cases are before the Court on Defendant's Supplemental Partial Motion to Dismiss and plaintiff's opposition thereto. Defendant argues that 42 U.S.C. § 2000e–16 lacks the requisite waiver of sovereign immunity for retaliation claims brought by employees of the federal government against federal government employers, and therefore that plaintiff's retaliation claims should be dismissed. Defendant refers to this Court's decision in *Koslow v. Hundt*, 919 F.Supp. 18 (D.D.C.1995), in which the Court found that in passing the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, Congress did not waive sovereign immunity for retaliation claims by federal government employees.

Unlike the ADEA, 42 U.S.C. § 2000e–16 consistently has been interpreted, both expressly and implicitly, by this and numerous other circuits to permit retaliation claims against the United States government. *Hale v. Marsh*, 808 F.2d 616, 619 (7th Cir.1986)

(interpreting section 2000e–16 to incorporate 2000e–3(a) governing retaliation claims against private employers); *Ethnic Employees of the Library of Congress v. Boorstin,* 751 F.2d 1405, 1415 & n. 13 (D.C.Cir.1985) (citing *Porter v. Adams,* 639 F.2d 273, 277–78 (5th Cir.1981)); *Clark v. Marsh,* 665 F.2d 1168, 1171 n. 1 (D.C.Cir.1981); *White v. General Services Administration,* 652 F.2d 913, 917 (9th Cir.1981) (finding section 2000e–3 to be "equally applicable to actions by the federal government"); *Ayon v. Sampson,* 547 F.2d 446, 449–50 (9th Cir.1976); *Afanador v. U.S. Postal Service,* 787 F.Supp. 261, 267 & n. 11 (D.Puerto Rico 1991), *aff'd,* 976 F.2d 724 (1st Cir.1992); *see Barnes v. Small,* 840 F.2d 972, 976 (D.C.Cir.1988) (citing both section 2000e–16 and section 2000e–3(a) in support of a retaliation claim against the United States Army). The Court is bound by the decisions of this Circuit. Therefore, defendant's argument must fail. *See Koslow v. Hundt,* 919 F.Supp. at 20 (D.D.C.1995) (distinguishing Title VII from the ADEA).

Accordingly, it is hereby

ORDERED that Defendant's Supplemental Partial Motion to Dismiss is DENIED.

SO ORDERED.