**Louis TOMASELLO, Jr., Plaintiff**

**v.**

**Robert RUBIN, Secretary, Department of the Treasury, Defendant.**

**Civ. A. No. 93–1326 RMU.**

United States District Court, District of Columbia.

March 18, 1996.

Prather Randle, Memphis, TN and John Wesley Davis, Washington, DC, for Plaintiff.

Michael Ambrosino and June Jeffries, U.S. Attorney's Office, Civil Division, Washington, DC, for Defendant.

## MEMORANDUM ORDER

URBINA, District Judge.

## GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S RETALIATION CLAIMS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT THE EVIDENCE PRESENTED TO THE JURY

In its motion in limine, Defendant moved the court to dismiss Plaintiff's retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. ("ADEA"); and requested that the court limit the evidence which would be presented to the jury. For the reasons placed on the record and contained herein, the court on February 29, 1996, denied Defendant's motion to dismiss Plaintiff's claims for retaliation under Title VII; granted Defendant's motion to dismiss Plaintiff's claims for retaliation under the ADEA; and ruled that claims brought under Title VII based on events which occurred prior to November 21, 1991 shall be tried to the court and claims based on events which occurred subsequent to November 21, 1991 shall be tried to a jury.[1]

## I. MOTIONS TO DISMISS

■ Defendant moved the court for dismissal of plaintiff's retaliation claims for failure to state a claim upon which relief can be granted, on the grounds that the federal government has not waived sovereign immunity for retaliation claims brought pursuant to Title VII or the ADEA.[2]

## 1. ADEA RETALIATION CLAIM

■ The ADEA was initially enacted to protect private sector employees from discrimination based on age, and was amended by Congress in 1974 to extend protection to federal employees. *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548

---

1. The court also ruled that all claims brought under the Age Discrimination in Employment Act and the Privacy Act shall be tried to the court.

2. While the deadline for filing dispositive motions has passed, Defendant argues that this motion is timely because it contains a jurisdictional defense and such defenses may be raised at any point in the litigation. Fed.R.Civ.P. 12(h)(2). In *Haddon v. Walters,* 43 F.3d 1488 (D.C.Cir.1995), the Court of Appeals made clear that this court has subject matter jurisdiction over claims which arise under the laws of the United States. As Plaintiff has brought his retaliation claims pursuant to Title VII and the ADEA the court concludes that it may exercise subject matter jurisdiction over these claims even if the United States has not waived sovereign immunity for retaliation claims under these acts. Defendant's suggestion that the Federal Government has not waived sovereign immunity and is thus immune from these actions is properly regarded as a defense of failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(h)(2) allows the defense of failure to state a claim upon which relief can be granted to be raised at the trial on the merits. Accordingly, to eliminate the delay which would result from addressing this defense during trial, the court grants Defendant permission to raise this defense for a resolution prior to trial.

(1981). Defendant contends that while the federal government waived sovereign immunity[3] and consented to be sued for age discrimination in employment decisions, it did not consent to be sued for claims of reprisal for engaging in protected activities under the ADEA. While other courts have encountered this issue[4], it remained unresolved until *Koslow v. Hundt,* 919 F.Supp. 18 (D.D.C. 1995). In that decision, Judge Paul Friedman determined that "[i]n enacting the ADEA, Congress not only did not expressly waive sovereign immunity with respect to retaliation claims, it clearly declined to do so," and dismissed plaintiff's ADEA retaliation claim pursuant to Fed.R.Civ.P. 12(b)(6). *Koslow,* 919 F.Supp. at 21. This court concurs with Judge Friedman's decision.

When Congress amended the ADEA in 1974, state and local governments were added as potential defendants by expanding the definition of the term "employer" as used in the act. "In contrast, Congress added an entirely new section, [29 U.S.C. § 633a], to address the problems of age discrimination in federal employment." *Lehman v. Nakshian,* 453 U.S. at 166, 101 S.Ct. at 2704. The ADEA was amended again in 1978 to provide that "[a]ny personnel action of any department, agency, or other entity referred to in [29 U.S.C. § 633a(a) ] of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section."[5] 29 U.S.C. § 633a(f). The Supreme Court has concluded that this section is to be interpreted as "federal actions covered by [29 U.S.C. § 633a] are not subject to any other section of the ADEA." *Lehman v. Nakshian,* 453 U.S. at 167, 101 S.Ct. at 2705 (emphasis added).

Section 623(d) expressly establishes a retaliation claim against "employers," which the Act defines as private, state and local government employers. Section 633a, however, does not include a reference to a claim for retaliation or reprisal against federal employers. In light of the Supreme Court's holding in *Lehman,* the court concludes that section 623(d) cannot be interpreted as creating, even implicitly, a retaliation claim against federal employers. *See Koslow,* 919 F.Supp. at 19.

■ It is well established that sovereign immunity is waived only when the intent of Congress is "unequivocally expressed" in the applicable statute, *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), and that a waiver of sovereign immunity may not be inferred or implied. *See, e.g., Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Lehman v. Nakshian,* 453 U.S. at 161, 101 S.Ct. at 2702; *Dorsey v. Dept. of Labor,* 41 F.3d 1551, 1555 (D.C.Cir. 1994). While Congress has provided an express waiver of sovereign immunity as it pertains to age discrimination claims, Congress has not provided an express waiver of sovereign immunity with respect to retaliation claims under the ADEA[6]. Accordingly, Defendant's motion to dismiss Plaintiff's claim of retaliation under the ADEA is granted.

## 2. TITLE VII RETALIATION CLAIM

■ While Defendant contends that Congress has not waived sovereign immunity for claims of reprisal under Title VII, this Circuit as well as other courts have found that Title VII prohibits retaliation against federal employees who have engaged in protected Title VII activities. *See Ethnic Employees*

---

3. The United States, as sovereign, is immune from suit except as it consents to be sued. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981).

4. *See, e.g., Muth v. Marsh,* 525 F.Supp. 604, 606 n. 1 (D.D.C.1981).

5. Section 631(b) provides that all federal employees who are at least forty years old are considered protected employees under the Act.

6. "A general proscription against discrimination based on age does not unequivocally express Congressional intent to prohibit retaliation, which derives from different biases and discriminatory motives than age itself." *Koslow,* 919 F.Supp. at 20.

*of the Library of Congress v. Boorstin,* 751 F.2d 1405, 1415 n. 13 (D.C.Cir.1985) (citing *Porter v. Adams,* 639 F.2d 273, 277–78 (5th Cir1981)); *Hale v. Marsh,* 808 F.2d 616 (7th Cir.1986); *Ayon v. Sampson,* 547 F.2d 446, 449–50 (9th Cir.1976). Accordingly, Defendant's motion to dismiss Plaintiff's claim of retaliation under Title VII is denied.

## II. JURY DEMAND FOR TITLE VII CLAIMS

Defendant contends that Plaintiff is not entitled to a jury trial with respect to Title VII claims arising from conduct which occurred before November 21, 1991. The court agrees. Defendant also requests that the jury be precluded from hearing evidence of pre-November 21, 1991 conduct. This request is denied, and the jury will serve as an advisory jury with respect to pre-November 21, 1991 claims.

Prior to the enactment of the Civil Rights Act of 1991 ("1991 Act"), Title VII only provided for equitable relief and did not provide for a jury trial. On November 21, 1991, the 1991 Act was enacted, and amended Title VII to permit the award of compensatory and punitive damages for acts of intentional discrimination, and established a plaintiff's right to a jury trial when seeking such damages. 42 U.S.C. § 1981a.

In *Landgraf v. USI Film Products,* — U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court held that the provisions of the 1991 Act which permit the award of compensatory and punitive damages were not to be applied retroactively. The Court stated that if the 1991 Act only introduced a right to jury trial in Title VII cases, retroactive application would be appropriate. *Landgraf,* — U.S. at ——, 114 S.Ct. at 1505. "However, because the [1991 Act] makes a jury trial available only '[i]f a complaining party seeks compensatory or punitive damages,' the jury trial must stand or fall with the attached damages provisions." *Landgraf,* — U.S. at ——, 114 S.Ct. at 1505. The Court concluded that the new damages provisions would not be applied retroactively to events antedating the 1991 Act. *Landgraf,* — U.S. at ——, 114 S.Ct. at 1505–06.[7] As the damages provision does not apply retroactively, the court concludes that Plaintiff is not entitled to a jury trial for conduct which occurred prior to November 21, 1991.[8] *See Campbell–Carey v. Dalton,* 1995 WL 764572, *4 (E.D.Pa.1995); *Peele v. New York City Dep't. of Social Serv. Human Resources Admin.,* 1995 WL 110085, *3 (S.D.N.Y.1995); *Hatley v. Store Kraft Mfg. Co.,* 859 F.Supp. 1257, 1259 (D.Neb.1994); *Wood v. Illinois Bell Tel. Co.,* 1994 WL 194228, *4 (N.D.Ill.1994); *Cf. Ascolese v. Southeastern Pa. Transp. Auth.,* 902 F.Supp. 533, 541 (E.D.Pa.1995). Accordingly, claims brought under Title VII based on events which occurred prior to November 21, 1991

---

7. The Supreme Court noted that the punitive damages "share key characteristics of criminal sanctions. Retroactive imposition of punitive damages would raise a serious constitutional question." *Landgraf,* — U.S. at ——, 114 S.Ct. at 1505. In regard to the compensatory damages, the Court stated that while the introduction of compensatory damages "does not make unlawful conduct that was lawful when it occurred," it "effects the liabilities of defendants." *Id.* at ——, 114 S.Ct. at 1506. The Court then noted that "[t]he introduction of a right to compensatory damages is also the type of legal change that would have an impact on private parties' planning." *Id.* at ——, 114 S.Ct. at 1506. The Court concluded that the new damages provision in the 1991 Act "is the kind of provision that does not apply to events antedating its enactment in the absence of clear congressional intent." *Id.* at ——, 114 S.Ct. at 1506.

8. The court also considered the possible argument that on the basis of a "continuing violation" theory the court should consider conduct

which occurred prior to the enactment of the 1991 Act as part of post enactment conduct, and allow the new remedies and a jury trial on all events. The court concludes, however, that the "continuing violation" analysis is used "only in the context of a challenge to the *timeliness* of a cause of action" in relation to the statute of limitations. *Taylor v. Western & Southern Life, Ins., Co.,* 966 F.2d 1188, 1196 (7th Cir.1992) (emphasis in original). Accordingly, the court joins the other courts which have considered this question and found that "[a]n allegation that ... a continuing course of conduct beginning before the statute was enacted and continuing thereafter does not suffice to overcome the nonretroactivity rule." *Ascolese v. Southeastern Pa. Transp. Auth.,* 902 F.Supp. 533, 541 (E.D.Pa.1995). *See Peele v. New York City Dep't. of Social Serv. Human Resources Admin.,* 1995 WL 110085, *3 (S.D.N.Y.1995); *Wood v. Illinois Bell Tel. Co.,* 1994 WL 194228, *4 (N.D.Ill.1994).

shall be tried to the court and claims based on events which occurred subsequent to November 21, 1991 shall be tried to a jury.

Defendant additionally requests that the jury be precluded from hearing evidence of pre-November 21, 1991 conduct. This request is denied. The jury will be presented with all the evidence and pursuant to Fed. R.Civ.P. 39(c) will act as an advisory jury with respect to claims based on pre-November 21, 1991 conduct.[9]

SO ORDERED.

---

**9.** The decision to use an advisory jury is subject *to modification* by the Honorable Harold Greene before whom the case will be tried.