Colin STEELE, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 92–2180.

United States Court of Appeals, Tenth Circuit.

March 17, 1994.

William A. L'Esperance, Albuquerque, NM, for plaintiff-appellant.

Frank W. Hunger, Asst. Atty. Gen., Larry Gomez, U.S. Atty., and Barbara L. Herwig and Sushma Soni, Dept. of Justice, Washington, DC, for defendant-appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff appeals the district court's grant of defendant's motion to dismiss. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

## I. Background

Plaintiff, Colin Steele, worked as a civilian employee of the Department of the Air Force from 1983 through 1989. Mr. Steele received a notice of proposed removal from his job in February 1989. The notice cited injuries suffered by Mr. Steele which resulted in an "inability to perform the duties of [his] position."

After his dismissal, on October 19, 1990, Mr. Steele filed suit against defendant in district court alleging wrongful termination, breach of the covenant of good faith and fair dealing, and intentional or reckless infliction of emotional distress in connection with his Air Force employment. Specifically, Mr. Steele asserted that, as a result of his whistleblowing activities and of his attempt to bring a complaint with the EEOC, his employers took various improper actions against him. These actions allegedly included: generally conspiring to have Mr. Steele terminated, falsifying records and certain testimony thereby interfering with Mr. Steele's medical and workmen's compensation claims, failing to reasonably accommodate Mr. Steele's handicap, improperly interfering with his requests for transfer, wrongfully denying him certain benefits and pay, intimidating and threatening him in his pursuit of his rights related to his employment, and attempting intentionally to discredit him.

Defendant moved to dismiss the complaint under Fed.R.Civ.P. 12(b) on various grounds. On March 25, 1992, the district court granted defendant's motion and dismissed the complaint. The court held that Mr. Steele's claims were barred under the jurisdiction provision of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a), and preempted by the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 1214, 2302.

## II. Discussion

We review the district court's ruling as to defendant's motion to dismiss de novo. *Williams v. United States,* 957 F.2d 742, 743 (10th Cir.1992); *Ayala v. Joy Mfg. Co.,* 877 F.2d 846, 847 (10th Cir.1989). We find that plaintiff's claims are indeed barred.

Mr. Steele's appeal to this court argues primarily that he has satisfied the administrative exhaustion requirement of the FTCA, 28 U.S.C. § 2675(a), and therefore that the district court has jurisdiction to hear his claims under that statute. We do not reach this issue, however, because we agree with the district court that his claims fall within the scope of and are therefore preempted by the CSRA.

The CSRA provides a comprehensive claims procedure for most government employees, including a provision for judicial review of final determinations of the Merit Systems Protection Board, where there is an allegation of prohibited personnel practices. *See* 5 U.S.C. § 1214. A "prohibited personnel practice" is defined under 5 U.S.C. § 2302. Of this comprehensive CSRA claims procedure the Supreme Court said: "Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies." *Bush v. Lucas,* 462 U.S. 367, 385, 103 S.Ct. 2404, 2415, 76 L.Ed.2d 648 (1983). The Court has further said that "[t]he CSRA established a comprehensive system for reviewing personnel action taken against federal employees."

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

*United States v. Fausto,* 484 U.S. 439, 455, 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988).

Consistent with these principles, it is now clear that Federal and state court actions "complain[ing] of activities prohibited by the CSRA ... are preempted by the CSRA." *Petrini v. Howard,* 918 F.2d 1482, 1485 (10th Cir.1990); *see Fausto* (CSRA preempts action under the Federal Back Pay Act); *Bush* (CSRA preempts *Bivens* action); *Berrios v. Department of the Army,* 884 F.2d 28 (1st Cir.1989) (CSRA preempts federal constitutional claims and state law defamation claim); *Lehman v. Morrissey,* 779 F.2d 526 (9th Cir.1985) (CSRA preempts state common law action for intentional infliction of emotional distress). We find that, in this case, all of plaintiff's claims clearly complain of actions prohibited by the CSRA, *see* 5 U.S.C. § 2302 (under which "prohibited personnel practice" is broadly defined). They are therefore preempted.[2]

### III. Conclusion

The CSRA preempts plaintiff's claims in this case. The district court's grant of defendant's motion to dismiss is

**AFFIRMED.**

[2.] Plaintiff makes no claim on appeal that he has availed himself of correct CSRA procedures in this case so as to be properly before the court under 5 U.S.C. § 1214(c).