**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PAUL R. THOMAS,

        Plaintiff-Appellant,

v.

JANET RENO; J. MICHAEL
QUINLAN; KATHY HAWK;
ANDREA KING-WESSELS;
ANTHONY BELASKI; JOHN
VANYUR; ROBERT HOLTON; J. R.
PFISTNER; C. DEROSA; D. JOSLIN;
ROBERT HOOD; and JOHN
BAXTER, individually and in their
official capacities; UNITED STATES
BUREAU OF PRISONS; UNITED
STATES DEPARTMENT OF
JUSTICE,

        Defendants-Appellees.

No. 97-1155
(D.C. No. 95-D-1180)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Paul R. Thomas, appearing pro se on appeal and in the district court, appeals the district court's order adopting the magistrate judge's recommendation to enter summary judgment in defendants' favor on his claims that defendants violated his rights relative to his federal employment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiff was employed for many years by the Bureau of Prisons until 1990, when he exercised a limited-time option to receive his retirement contribution in a lump-sum payment. Even though he had officially retired from government service, he was immediately rehired in the same capacity as a reemployed annuitant. See 5 U.S.C. § 3323(b)(1) (authorizing reemployment of federal annuitant). Beginning in 1990, plaintiff was employed as a college teacher, in addition to his federal employment. He received oral permission to take time during his workday for his teaching duties, and to make up the time taken from his job by coming to work early and staying late. After he and his immediate supervisor were reprimanded for failing to document this permission and procedure, plaintiff filed the necessary written permission for his teaching

pursuits, and agreed to document his federal work hours appropriately. Thereafter, an anonymous tipster reported that plaintiff was taking time from his federal employment to attend his paid teaching position without submitting leave slips and without making up the time. Following an investigation, plaintiff was notified that his employment would terminate on September 3, 1993, due to his misconduct in the submission of time and attendance reports and failure to obtain written approval for outside employment. The necessity of reducing staff was an additional reason for the decision to terminate plaintiff's employment. <u>See</u> R. vol. I, doc. 36, ex. C. Plaintiff resigned on August 23, 1993, to avoid being fired.

We review the grant of summary judgment de novo, applying the same standard as the district court. <u>See</u> <u>Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc.</u>, 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." <u>Russillo v. Scarborough</u>, 935 F.2d 1167, 1170 (10th Cir. 1991). We consider the record in the light most favorable to the nonmoving party. <u>See</u> <u>Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991). We may affirm on any grounds supported by the record. <u>See</u> <u>United States v. Sandoval</u>, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

On appeal, plaintiff maintains that defendants violated his rights under the Fourth, Fifth and Fourteenth Amendments, the Privacy Act, and 42 U.S.C. § 1985. He also invokes the doctrine of estoppel, claiming he could not be fired without the protections afforded to a permanent employee, and asserts that defendants breached a duty of fundamental fairness and good faith. We interpret plaintiff's brief to reject the district court's characterization of his claims as falling under the Federal Tort Claims Act, and therefore, we do not address whether that Act applies.

We first address plaintiff's estoppel argument. He asserts that he was promised that he would retain the same rights as a reemployed annuitant that he had as a permanent federal employee, including protections available on threat of discharge. 5 U.S.C. § 3323(b)(1) provides that a reemployed annuitant "serves at the will of the appointing authority," permitting plaintiff's discharge without notice or cause. Plaintiff argues that the government is estopped from relying on § 3323(b)(1) and his status as a reemployed annuitant to discharge him absent the protections and procedures provided to permanent employees by 5 U.S.C. §§ 2301, 2302.

Application of the extraordinary remedy of estoppel against the government is disfavored, and will not be invoked where it would frustrate the purpose of the statutes or impede enforcement of the public laws. See DePaolo v. United States

(In re DePaolo), 45 F.3d 373, 376 (10th Cir. 1995); see also Office of Personnel Management v. Richmond, 496 U.S. 414, 422 (1990) (noting Court reversed every finding of estoppel against government it reviewed, citing cases). In addition to the traditional elements of estoppel, see DePaolo, 45 F.3d at 377, a plaintiff must also show "affirmative misconduct on the part of the government'" a "high hurdle for the asserting party to overcome." FDIC v. Hulsey, 22 F.3d 1472, 1489-90 (10th Cir. 1994). "[T]he erroneous advice of a government agent does not reach the level of affirmative misconduct." Id. at 1490. Here, plaintiff has not made a sufficient showing of affirmative misconduct by a government agent. Therefore, we reject his estoppel claim on that ground.

Plaintiff next claims that his rights under the Privacy Act, 5 U.S.C. § 552a, were violated when defendant Joslin allowed defendants King-Wessels and Holton to review his personnel file to ascertain whether he had filed the necessary documents for his teaching activities. His amended complaint requested damages for violation of § 552a(g)(1)(C). To be entitled to the civil remedy provided by § 552a(g)(4), a plaintiff bringing suit under § 552a(g)(1)(C) or (D) must establish that "the agency acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4). "Intentional or willful" under the Privacy Act is defined as "'action so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful, or conduct committed without grounds for believing it

to be lawful or action flagrantly disregarding others' rights under the Act.'" Pippinger v. Rubin, 129 F.3d 519, 530 (10th Cir. 1997) (quoting Andrews v. Veterans Admin., 838 F.2d 418, 425 (10th Cir. 1988)). Plaintiff alleged that government personnel acted with "gross negligence" in violating the Privacy Act. Gross negligence is insufficient to meet the Act's "intentional or willful" standard. See Andrews, 838 F.2d at 424. Here, plaintiff has neither alleged nor proffered evidence of the requisite "intentional or willful" conduct by government personnel. Similarly, his request for criminal sanctions does not allege sufficient facts to raise the issue of whether there exists a private right of action to enforce the Privacy Act's provision for criminal penalties, § 552a(i). See Unt v. Aerospace Corp., 765 F.2d 1440, 1448 (9th Cir. 1985) (plaintiff cannot state a claim under § 552a(i)(3) because that section "generates no civil right of action"); cf. Federal Labor Relations Auth. v. United States Dep't of Defense, 977 F.2d 545, 549 n.6 (11th Cir. 1992) (dicta noting that § 552a(i)(3) "seems to provide no private right of action"). Accordingly, summary judgment on this claim was appropriate.

Plaintiff's remaining claims stem from his federal employment. As a federal annuitant, the Civil Service Reform Act (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), applies to him. Despite his characterization of his claims as constitutional, common law,

and federal statutory violations (including 42 U.S.C. § 1985), they complain of actions prohibited by the CSRA. "Federal and state court actions 'complain[ing] of activities prohibited by the CSRA . . . are preempted by the CSRA.'" Steele v. United States, 19 F.3d 531, 533 (10th Cir. 1994) (quoting Petrini v. Howard, 918 F.2d 1482, 1485 (10th Cir. 1990)). Plaintiff argues, as a reemployed annuitant, that because he had no rights under the CSRA, his remedy is not restricted to the CSRA. The Supreme Court has held that absence of a remedy under the CSRA does not create a federal cause of action under other theories. See United States v. Fausto, 484 U.S. 439, 443, 455 (1988) (declining to find a federal remedy for preference eligible excepted service employees who had no remedy under CSRA), superseded by statute as stated in Bosco v. United States, 931 F.2d 879, 883 n.3 (Fed. Cir. 1991); Bush v. Lucas, 462 U.S. 367, 388, 390 (1983) (holding federal employee's remedy was limited to CSRA even though CSRA did not provide complete relief for First Amendment violation); cf. Schweiker v. Chilicky, 487 U.S. 412, 425, 429 (1988) (declining to expand the remedies provided by Congress for wrongful termination of disability benefits, even though inadequate to provide complete relief). We hold that plaintiff's remedies, if any, are limited to those provided by the CSRA. We need not examine what those remedies may be because plaintiff makes no claim on appeal that he pursued a remedy under the CSRA.

AFFIRMED.  The mandate shall issue forthwith.


                                                  Entered for the Court


                                                  Mary Beck Briscoe
                                                  Circuit Judge