**James R. EVANS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CIV. A. 97–2502–KHV.

United States District Court,
D. Kansas.

Aug. 4, 1998.

Martin M. Meyers, Stephen C. Thornberry, The Meyers Law Firm, Kansas City, MO, Daniel P. Bishop, Gladstone, MO, for James R. Evans.

Christina L. Medeiros, Office of U.S. Atty., Kansas City, MO, for U.S., Dept. of Justice, Federal Bureau of Prisons, USP Leavenworth.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This action comes before the Court on defendant's *Motion to Dismiss* (Doc. # 26) filed April 15, 1998 under Fed.R.Civ.P. 12(b)(1). Defendant asks that the case be dismissed for lack of subject matter jurisdiction, in that the Civil Service Reform Act (CSRA), Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), has extinguished plaintiff's right to bring this action in federal court.

### Legal Standard

The Court may only exercise jurisdiction when specifically authorized to do so, *see Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs,* 895 F.Supp. 279, 280 (D.Kan.1995)(citing *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). Plaintiff sustains the burden of showing that jurisdiction is proper, *see id.,* and he must demonstrate that the case should not be dismissed. *See Jensen v. Johnson County Youth Baseball,* 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the merits. *See Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995). Defendant's motion relies only on the complaint and is therefore a facial attack. A facial attack on subject matter jurisdiction questions the sufficiency of the complaint. *See id.* at 1003 (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990)). In its review, the Court must therefore accept the allegations in the complaint as true. *Id.*

### Factual Background

James R. Evans brings suit under 42 U.S.C. § 3617 against the United States of America, the United States Department of Justice, the Federal Bureau of Prisons, and

the United States Penitentiary located in Leavenworth, Kansas. Plaintiff worked at the United States Penitentiary ("USP") and served as the union representative for prison employees. USP owned and operated residential housing, which it rented to employees. In 1995, defendants notified a female employee that they were evicting her from the premises.

Plaintiff overheard the warden making derogatory statements about the employee and her acquaintances, and encouraged her to pursue a charge of discrimination. The employee abandoned her claim, however, after USP forestalled her eviction.

In retaliation for plaintiff's representation of his fellow worker, defendants unlawfully subjected him to adverse employment conditions. As a result of defendants' actions, plaintiff seeks damages for loss of salary, emotional pain, suffering, humiliation, mental anguish, inconvenience and loss of enjoyment of life.

### Analysis

Defendants base their motion to dismiss on two contentions: first, that plaintiff cannot sue under the Fair Housing Act(FHA), 42 U.S.C. § 3617, because this case does not fit the purpose of the FHA, and second, that the CSRA supersedes the FHA and provides plaintiff's exclusive remedy.

### A. FHA Claim

Defendants argue that the FHA prohibits discrimination in the housing market based on race, color, religion or national origin, and bars all racial discrimination, private as well as public, in the sale and rental of real property. *See United States v. Henshaw Bros.*, 401 F.Supp. 399, 402 (E.D.Va.1974)(citing *United States v. Hunter*, 459 F.2d 205 (4th Cir.1972); *see also Byrd v. Brandeburg*, 922 F.Supp. 60, 64 (N.D.Ohio 1996)(firebombing interfered with residents' exercise and enjoyment of right to fair housing)); *Johnson v. Smith*, 878 F.Supp. 1150, 1152 (N.D.Ill.1995)(burning of cross in a yard violated FHA provisions prohibiting interfer-

ence, coercion or intimidation). Defendants argue that plaintiff's suit does not involve housing rights, but rather deals with his employment rights, and that plaintiff cannot maintain suit under Section 3617.

### B. CSRA Pre-emption Issue

Section 3617 reads:

It shall be unlawful to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

Section 3617 does not include a provision which grants plaintiff a private right of action. Before the 1988 amendments to the FHA the last sentence of Section 3617 read "[t]his section may be enforced by appropriate civil action." With the amendments, this sentence was omitted. The committee notes reveal that the last sentence was omitted "because practices prohibited under Section 818 as redesignated (Section 3617) have been added as a discriminatory housing practice, and thus may be enforced under provisions provided under this title." Fair Housing Amendments Act of August 11, 1988, Pub.L. No. 100–430, 1988 U.S.C.C.A.N. (102 Stat. 1598) 2167, 2202. Thus, despite the change in 42 U.S.C. 3617, plaintiff may bring this action unless it is preempted by the CSRA.[1]

Citing *Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), defendants contend that the Fair Housing Act is not the proper vehicle to facilitate this action because plaintiff is an employee of the United States and has "an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States." In *Bush*, the Supreme Court held that where a federal employee's claim arose from an employment relationship that was governed by the CSRA, the courts should not supplement that comprehensive regulatory scheme by creating new legal liabilities or

---

1. Section 3613(a)(1)(A) provides that "an aggrieved person may commence a civil action in an appropriate United States district court or State court ... to obtain appropriate relief with respect to such discriminatory housing practice or breach."

remedies without statutory authority. Defendants contend that in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the Supreme Court further expanded the scope of the CSRA to preempt any remedial procedure, statutory or otherwise, unless Congress provides an exception.

Plaintiff does not dispute that he may pursue a remedy under the CSRA, but he contends that the CSRA is not the exclusive means of recovery.[2] He argues that he has a cause of action under Section 3617 and that since it is statutory, the CSRA does not preempt it. Plaintiff claims that defendants misconstrue *Bush,* which he argues holds that the CSRA merely preempts suits that do not arise from a statute. Plaintiff also notes that federal employees may bring suits in federal district court on claims under Title VII, the Age Discrimination in Employment Act(ADEA), the Rehabilitation Act, and the Privacy Act. *See e.g., Mosley v. Pena,* 100 F.3d 1515 (10th Cir.1996) (discrimination claim under Title VII); *Tomasello v. Rubin,* 920 F.Supp. 4 (D.D.C.1996)(ADEA and Title VII action for retaliation); *Leistiko v. Secretary of the Army,* 922 F.Supp. 66 (N.D.Ohio 1996)(action under the Rehabilitation Act). Finally, plaintiff states that defendants have improperly interpreted *Fausto.* He argues that *Fausto* merely addresses the scope of

review that a federal court may employ once an employee exhausts the procedures provided by the CSRA and does not hold that the CSRA preempts statutory causes of action.

In *Steele v. United States,* 19 F.3d 531, 532 (10th Cir.1994), the Tenth Circuit Court of Appeals stated, "it is now clear that Federal and state court actions complaining of activities prohibited by the CSRA are preempted by the CSRA." In *Steele,* an employee of the Department of the Air Force filed suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a). *Id.* at 532. Even though his action was statutory, the Tenth Circuit held that "his claims fall within the scope of and are therefore preempted by the CSRA." *Id.*

After *Steele,* it is evident that the CSRA precludes plaintiff from bringing this action under the Fair Housing Act and in federal district court. Plaintiff's claim, while permissible under the FHA, falls under the purview of 5 U.S.C. § 2302(d).[3] Plaintiff's request for judicial review of this claim directly contradicts the purpose of the CSRA, which was "designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Id.* at 445, 108 S.Ct. 668. Allowing this case to proceed would not only frustrate the procedures of the CSRA, but would also ignore precedent.

---

2. Viewing plaintiff's claim as one seeking redress for unlawful reassignment, it arises under 5 U.S.C. § 2302(b)(9). Section 2302(b)(9)(A)and(B) states as follows:

> Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority-
> (9) take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of-
> (A) the exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation;
> (B) testifying for or lawfully assisting any individual in the exercise of any right referred to in subparagraph(A).

The Court notes that if plaintiff were actually demoted, his claim would fall under 5 U.S.C. § 7511(b)(9)(B), as an "adverse action" and he would be entitled to administrative review by the Merit Systems Protection Board and judicial review in the Federal Circuit. §§ 7513(d), 7703.5 U.S.C.

3. 5 U.S.C. § 2302(d) provides:

> This section shall not be construed to extinguish or lessen any effort to achieve equal employment opportunity through affirmative action or any right or remedy available to any employee or applicant for employment in the civil service under-
> (1) section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16), prohibiting discrimination on the basis of race, color, religion, sex, or natural origin;
> (2) sections 12 and 15 of the Age Discrimination in Employment Act of 1967(29 U.S.C. §§ 631, 633a), prohibiting discrimination on the basis of age;
> (3) under section 6(d) of the Fair Labor Standards Act of 1938(29 U.S.C. § 206(d)), prohibiting discrimination on the basis of sex;
> (4) section 501 of the Rehabilitation Act of 1973(29 U.S.C. § 791), prohibiting discrimination on the basis of handicapping condition; or
> (5) the provisions of any law, rule, or regulation prohibiting discrimination on the basis of marital status or political affiliation.

This conclusion is consistent with *Watson v. United States Department of Housing and Urban Development,* 576 F.Supp. 580, 587 (N.D.Ill.1983), in which the district court held that a federal employee bringing a suit under Section 3617 was limited to the procedural and substantive protections of the CSRA. In doing so it noted that while private actions for damages have been maintained under Section 3617 in many cases, if it arises out of an employment relationship with the federal government it is "fully cognizable before the administrative procedures provided by the CSRA." *Id.*

**IT IS THEREFORE ORDERED** that defendant's *Motion to Dismiss* (Doc. # 26) filed April 15, 1998 be and hereby is sustained and that plaintiff's complaint be dismissed for lack of subject matter jurisdiction.