**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RENNE L. SHOATE,

      Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE, separately and
Marvin T. Runyon,

      Defendants-Appellees.

No. 98-5121
(D.C. No. 97-CV-376-B)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Renne Shoate brought this action against defendant United States Postal Service (USPS) alleging employment discrimination violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and a state law claim for retaliatory discharge. In her complaint, plaintiff asserted that during her short tenure as a mail carrier in Tulsa, Oklahoma, she was subjected to a racially hostile and abusive work environment which led to her termination. In addition, plaintiff asserted a public policy violation claim under the Oklahoma Workers' Compensation Act, alleging that she was discharged in retaliation for filing a claim for an on-the-job injury.

The district court granted defendants' motion to dismiss plaintiff's state law claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, agreeing that plaintiff's claim was preempted by the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7501-7543, which was incorporated into the Postal Reorganization Act of 1971 (PRA), 39 U.S.C. §§ 1001-1011, 1201-1209.[1] In the alternative, the district court determined that, even if plaintiff's claim was not preempted, she could not maintain a cause of action against a federal employer under the state statute. In a separate order, the court granted defendant's summary judgment motion on plaintiff's Title VII claim, concluding

---

[1] The PRA provides that Chapter 75 of the CSRA "shall apply to officers and employees of the Postal Service." 39 U.S.C. § 1005(a)(1). Thus the CSRA applies to plaintiff.

that plaintiff failed to raise a disputed issue of material fact as to whether she was the victim of a hostile work environment. Plaintiff appeals. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's dismissal order de novo. *See Steele v. United States*, 19 F.3d 531, 532 (10th Cir. 1994). We review the grant of summary judgment de novo, applying the same standard as the district court. *See Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991).

**Background**

Plaintiff worked for the USPS from June 26, 1995, until her termination on June 26, 1996. Plaintiff, at her own request, transferred from a casual clerk to a temporary transitional employee letter carrier for the USPS on May 4, 1996. She was placed on ninety days probation at that time. On June 4, 1996, she suffered an on-the-job injury to her ankle requiring her to be absent from her duties in excess of four days. She was reprimanded for not following the rules regarding reporting the injury incident and the procedures for obtaining treatment for her injury. In addition, plaintiff was reprimanded for ignoring her supervisor's instructions not to confer with the union shop steward during

working hours. On June 26, 1996, she was terminated for these and certain other violations of the rules and procedures.

## Title VII Claim

Plaintiff, an African-American, alleges that upon requesting this transfer to mail carrier, she was told by her prior supervisor, also an African-American, that racial discrimination would be a problem for her as a mail carrier. In her complaint, plaintiff asserted that during the short time she worked as a mail carrier, she was subjected to the hostile and prejudicial attitude of her supervisors and that her termination was because of racial animus.

For plaintiff's hostile work environment claim to survive summary judgment, she must establish "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment." *Penry v. Federal Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998) (quotation omitted), *petition for cert. filed*, (U.S. Jan. 14, 1999) (No. 98-1191). Moreover, in this instance, plaintiff must show that the harassment was due to her race. *See id.*

The court noted that, during a deposition, plaintiff stated that no racial remarks were made to her and that she had never witnessed any racial remark being made by a supervisor. The court found that although plaintiff referred to

-4-

her immediate supervisor as "nasty," none of the incidents she cited had any racial implications whatsoever. Therefore, we agree with the district court that the nature of plaintiff's working environment, no matter how unpleasant and demeaning, was not due to her race. *See Trujillo v. University of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998) (stating that normal job monitoring and stress, even where employee is often at odds with supervisor, does not constitute a hostile or abusive work environment).

## State Law Claim

Plaintiff also challenges the district court's conclusion that her state law claim for retaliatory discharge was preempted by the CSRA, or in the alternative, that she could not maintain a retaliatory discharge claim against a federal employer under Oklahoma law. Plaintiff alleges that her claim of "[r]etaliatory discharge based on absence from work following an on-the-job injury is not a prohibited employment activity under the CSRA." Appellant's Br. at 28. We do not agree.

"The CSRA provides a comprehensive claims procedure for most government employees, including a provision for judicial review of final determinations of the Merit Systems Protection Board, where there is an

allegation of prohibited personnel practices." *Steele* 19 F.3d at 532. [2] In this comprehensive system, "prohibited personnel practice" is broadly defined, *see* 5 U.S.C. § 2302, encompassing "substantive provisions forbidding arbitrary action by supervisors and procedures–administrative and judicial–by which improper action may be redressed," *Bush v. Lucas*, 462 U.S. 367, 385 (1983).

We have held that "state law challenges to federal personnel actions within the scope of the CSRA are 'preempted' by the CSRA," and "that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions." *Petrini v. Howard*, 918 F.2d 1482, 1484, 1485 (10th Cir. 1990). Contrary to plaintiff's contention, her retaliatory discharge claim easily falls into CSRA's prohibition against taking any discriminatory personnel action "against any employee . . . on the basis of conduct which does not adversely affect the performance of the employee . . . or the performance of others." 5 U.S.C. § 2302(b)(10). Her claim would also be cognizable under § 2302(b)(9)(A) prohibiting any personnel action against an employee for the "exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation."

---

[2] Plaintiff could have availed herself of the procedures and remedies offered by the CSRA by submitting a claim of prohibited employment practice to the Office of the Special Counsel. *See* 5 U.S.C. § 1214. Because plaintiff did not avail herself of the CSRA claims procedure, any case she may have had under 5 U.S.C. § 1214(c) is not properly before this court. *See Steele*, 19 F.3d at 533 n.2.

-6-

The actions of which plaintiff complains arose directly out of her employment relationship with the USPS. In view of the comprehensive system in the CSRA for seeking remedies for questionable employment practices by federal agencies, to permit state law claims such as plaintiff's to survive would serve to undermine the purpose of the CSRA and to cause unnecessary confusion. *See Petrini* , 918 F.2d at 1485. Therefore, the district court was correct in finding plaintiff's state law retaliation claim to be preempted. [3]

## Conclusion

Following careful review of the record on appeal, the parties' briefs, and the applicable law, we agree with the district court that plaintiff failed to meet her burden of proof as to a racially hostile work environment. We also agree with the district court's findings and analysis as to its dismissal of plaintiff's state law claim. The district court thoroughly considered plaintiff's claims in two lengthy well-reasoned orders. We therefore affirm for the reasons discussed above, and for substantially the same reasons stated in the district court's orders dated April 13, 1998, and May 22, 1998.

---

[3] Due to our decision on the preemption claim in this case, we need not address plaintiff's challenge to the district court's alternate ruling that, even if plaintiff's claim was not preempted, she could not maintain a retaliatory discharge claim against the USPS under Oklahoma law.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge