**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN T. TUCKNESS,

      Plaintiff-Appellant,

v.

MARVIN T. RUNYON, Postmaster
General, United States Postal Service,
and RICHARD ASHCRAFT,
President, Standard-Hart Printing Co.,
Inc.,

      Defendants-Appellees.

No. 98-3344
(D.C. No. 98-CV-4078-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff John T. Tuckness appeals from the district court's order dismissing in part and granting summary judgment in part to defendants on his complaint against them. He brought the complaint alleging violations of a plethora of civil, criminal and anti-discrimination statutes after the postal service failed to hire him. In a thorough and well-reasoned memorandum and order, the district court granted summary judgment to defendant Runyon on plaintiff's claims for disability and age discrimination. It dismissed the remaining claims for failure to state a claim.

We review de novo both the district court's dismissal for failure to state a claim, <u>see</u> <u>Steele v. United States</u>, 19 F.3d 531, 532 (10th Cir. 1994), and its grant of summary judgment in favor of defendants, <u>see</u> <u>McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1128 (10th Cir. 1998). Having reviewed the parties' briefs and contentions, the district court's order, and the record on appeal pursuant to these standards, this court finds no reversible error. The judgment of the United States District Court for the District of Kansas is therefore AFFIRMED for substantially the same reasons set forth in its memorandum and order dated

November 13, 1998. [1]  Plaintiff's motion for substitution of his corrected reply brief is GRANTED; his motion to strike defendant Runyon's brief is DENIED.

ENTERED FOR THE COURT
PER CURIAM

---

[1]  Plaintiff complains that the district court granted summary judgment for defendants without affording him an adequate opportunity for discovery, thus denying him due process.  A magistrate judge assigned to the case stayed discovery pending resolution of the defendants' motions to dismiss or for summary judgment.  Plaintiff appeared at the hearing concerning the stay of discovery.  Far from objecting to the magistrate judge's decision to stay discovery, he stated that the decision "sound[ed] logical" and that he would "do the same thing if [he were in the court's] shoes." R. Vol. III at 17.  Plaintiff did not file an affidavit pursuant to Fed. R. Civ. P. 56(f) in response to the motion for summary judgment.   We are therefore bound to consider the record as it stands.  See Dreiling v. Peugeot Motors of Am., Inc. , 850 F.2d 1373, 1381 (10th Cir. 1988).

Plaintiff also argues that the district court erred in granting summary judgment without providing him with a formal hearing.  The parties' right to a summary judgment hearing may be fulfilled by the district court's review of the briefs and supporting materials; a formal hearing with oral argument is not required.   See Geear v. Boulder Community Hosp. , 844 F.2d 764, 766 (10th Cir. 1988).