**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND H. RYAN,

      Plaintiff-Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
Secretary, Michael B. Donley,

      Defendant-Appellee.

No. 11-6335
(D.C. No. 5:09-CV-01374-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Raymond H. Ryan, formerly a civilian Air Force employee, appeals the district court's judgment in favor of the Secretary of the Air Force in this lawsuit concerning the Air Force's termination of Mr. Ryan's employment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Air Force first terminated Mr. Ryan's employment in 2006. Although the Merit Systems Protection Board (MSPB) rejected Mr. Ryan's claims of disability discrimination and retaliation for whistleblowing, in October 2007 it ordered him reinstated due to a procedural error. But Mr. Ryan never reported to Tinker Air Force Base in Oklahoma as ordered, and the Air Force removed him from employment for the second time effective February 15, 2008. This time, in addition to rejecting Mr. Ryan's claims of disability discrimination and retaliation for whistleblowing, the MSPB upheld the removal. The Equal Employment Opportunity Commission concurred with the MSPB's final decision finding no discrimination.

Mr. Ryan then filed suit in the district court. The court granted the Secretary's Fed. R. Civ. P. 12(b)(1) motion to dismiss Mr. Ryan's whistleblowing claims on the ground that there is no private right of action under the Whistleblower Protection Act of 1989 (WPA), 5 U.S.C. § 2302(b)(8). The court denied the Secretary's Fed. R. Civ. P. 12(b)(6) motion to dismiss Mr. Ryan's discrimination and retaliation claims and allowed them to go to a jury trial. After Mr. Ryan rested, the district court granted the Secretary's Fed. R. Civ. P. 50 motion for judgment as a matter of law because "there simply was not evidence presented from which a reasonable jury could determine that [the Air Force's] actions were discriminatory or retaliatory." R., Vol. 1 at 406-07.

On appeal, Mr. Ryan complains that the district court: (1) dismissed his whistleblower claims; (2) denied his motions to compel the Secretary to produce

- 2 -

relevant evidence, instead allowing the Secretary to submit deficient privilege logs, and denied his third motion to extend the discovery schedule; (3) granted the Secretary's motion to voluntarily dismiss a counterclaim without ruling on Mr. Ryan's request for sanctions; (4) quashed certain witness subpoenas and excluded certain evidence at trial; (5) denied Mr. Ryan's motion to recuse; and (6) granted the Secretary's Rule 50 motion.

## 1.    Whistleblower Claims

We review the district court's Rule 12(b)(1) dismissal of the whistleblowing allegations de novo. *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011). It appears that Mr. Ryan was trying to bring a freestanding WPA claim. We agree with the district court, however, that there can be no such claim, due to preemption by the Civil Service Reform Act (CSRA). *See Steele v. United States*, 19 F.3d 531, 533 (10th Cir. 1994); *Petrini v. Howard*, 918 F.2d 1482, 1485 (10th Cir. 1990).[1]

To the extent that Mr. Ryan was seeking judicial review of the MSPB decision, the district court would have had jurisdiction to consider the claim. *See* 5 U.S.C. §§ 1221(h), 7703(b)(2); *Steele*, 19 F.3d at 532. But even assuming that Mr. Ryan

---

[1]    In *Wells v. Shalala*, 228 F.3d 1137, 1147 (10th Cir. 2000), this court discussed the elements of "a prima facie case for whistleblowing under the WPA." *Steele*, however, had already held that whistleblowing allegations were preempted by the CSRA, and "when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996).

intended to assert a judicial-review claim rather than a freestanding WPA claim, no remand is required. The district court could only uphold the MSPB decision, as it was not "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Daugherty v. Thompson*, 322 F.3d 1249, 1254 (10th Cir. 2003) (internal quotation marks omitted). To the contrary, the MSPB decision was unassailably correct given the uncontroverted fact that Mr. Ryan never reported to Tinker Air Force Base.

## 2. Discovery Rulings

We review the district court's discovery rulings for abuse of discretion. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008) (denial of motion to compel); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (denial of request for continuance). "Under this standard, we will reverse a district court only if it exceeded the bounds of permissible choice, given the facts and applicable law in the case at hand." *Regan-Touhy*, 526 F.3d at 647 (internal quotation marks omitted). We have recognized that:

> In the discovery context, the range of permissible choices available to the district court is notably broad. This is so because discovery decisions necessarily involve an assessment of the anticipated burdens and benefits of particular discovery requests in discrete factual settings, while at the same time also requiring the trial judge to take account of the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the ability of the proposed discovery to shed light on those issues, among many other things.

*Id.*

We cannot conclude that any of the discovery decisions identified by Mr. Ryan were an abuse of the district court's discretion. In denying the motion to compel, the district court carefully evaluated the relevant factors, including the adequacy of the Secretary's privilege log, and gave supportable reasons for declining to compel further production of evidence. As for the third motion to continue discovery, the district court had granted two previous extensions, giving Mr. Ryan several extra months to complete discovery, and it had warned Mr. Ryan there would be no further extensions. Denying the motion cannot be considered an abuse.

**3.      Voluntary Dismissal of the Secretary's Counterclaim**

After initially bringing a counterclaim to recover severance pay that Mr. Ryan received for the first removal, just before trial the Secretary moved under Fed. R. Civ. P. 41 to dismiss the counterclaim with prejudice. Mr. Ryan responded, opposing dismissal but also requesting that the court award him monetary sanctions to compensate him for the time he had expended on the counterclaim. Although the district court dismissed the counterclaim with prejudice, it did not rule on the request for sanctions. On appeal, Mr. Ryan complains about the grant of the dismissal motion and the court's failure to rule on his sanctions request.

Our review of this issue is also for abuse of discretion. *Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 759-60 (10th Cir. 2008). Under Rule 41(a)(2), the district court may dismiss a claim "on terms that the court considers proper." It was not an abuse of discretion for the district court to accept the Secretary's representation that

the counterclaim was not necessary to protect the Air Force's interests and to determine that dropping the counterclaim would simplify the trial.

Regarding the sanctions request, it is unclear whether the district court overlooked the request, or if it simply did not consider a monetary sanction to be a proper condition of dismissal. We need not reverse for further consideration, however, because under these circumstances a grant of sanctions would have been an abuse of discretion. *See Ashby v. McKenna*, 331 F.3d 1148, 1151 (10th Cir. 2003) ("[W]ith respect to a matter committed to the district court's discretion, we cannot invoke an alternative basis to affirm unless we can say as a matter of law that it would have been an abuse of discretion for the trial court to rule otherwise." (internal quotation marks omitted)). Mr. Ryan essentially sought an award in the nature of an attorney's fee, without specifying any authority for compensating him for the time he spent on the counterclaim.[2] But attorney's fee awards are not always available to pro se plaintiffs. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (42 U.S.C. § 1988 case). Moreover, the counterclaim was dismissed with prejudice. Where a claim is dismissed with prejudice under Rule 41(a)(2), "attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). Although

---

[2] On appeal, Mr. Ryan refers to Fed. R. Civ. P. 11. However, his district-court response did not cite Rule 11, and in any event, it does not appear that the request met the strict requirements for Rule 11 motions. *See* Fed. R. Civ. P. 11(c)(2) (requiring that a Rule 11 motion be made separately and that the movant give the other party an opportunity to withdraw the offending paper before filing the motion).

- 6 -

*AeroTech* acknowledged that a fee award "might be appropriate" if there were exceptional circumstances, *see id.*, this case does not present any such exceptional circumstances.

**4.      Evidentiary Rulings**

"[W]e review the court's evidentiary rulings, including the court's decision to exclude evidence or testimony, for abuse of discretion." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010). "We . . . revers[e] only if we have a firm and definite belief that the trial court made a clear error in judgment." *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005) (internal quotation marks omitted).

The district court granted the Air Force's motion to quash six witness subpoenas on the ground that the witnesses had no testimony relevant to the second removal. Mr. Ryan argues that the witnesses falsely asserted that they had no knowledge of the second termination, and in fact they had knowledge about (1) Mr. Ryan's medical condition that they conveyed to other officials before the second removal, and (2) prior disciplinary actions that allegedly played a role in the removal decision.

We are not convinced that the district court made a clear error in judgment in excluding the six witnesses. And "even if we were to find an error that amounted to an abuse of discretion, reversible error may be predicated only upon errors that affect a party's substantial rights." *Id.*; Fed. R. Evid. 103(a). We recognize that Mr. Ryan

believes that the witnesses were necessary for his case, but his descriptions of their testimony do not establish that his substantial rights were affected. Questioning of other witnesses established the Air Force's knowledge of his medical condition and provided information about the prior disciplinary actions. Thus, Mr. Ryan has failed to establish that any error in quashing the subpoenas was reversible error.

As for the limitation of evidence at trial, the district court excluded all evidence regarding employment decisions other than the second removal. On appeal Mr. Ryan complains that he was precluded from introducing evidence (1) concerning the period between the first and second removals, (2) regarding the Secretary's counterclaim for recoupment of severance pay from the first removal, and (3) the validity of his reinstatement. We have held, however, that "a trial court has broad discretion to determine whether evidence is relevant and to exclude irrelevant evidence[.]" *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1193 (10th Cir. 2004) (internal quotation marks omitted). Moreover, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, [or] wasting time[.]" Fed. R. Evid. 403. The first removal was not at issue in this litigation, and the district court was well within its discretion to try to keep the parties and the jury focused on the second removal and whether it resulted from discrimination or retaliation.

Mr. Ryan also asserts that his whistleblower claims were inextricably intertwined with his discrimination and retaliation claims, so that precluding evidence of the whistleblower claim fatally undermined his discrimination and retaliation claims. We are not persuaded that the different claims were so intertwined, and as discussed above, Mr. Ryan was not entitled to a trial on his whistleblowing allegations. Accordingly, the district court's exclusion of whistleblowing evidence was no abuse of discretion.

**5.      Motion to Recuse**

"We review the denial of a motion to recuse for abuse of discretion, and under that standard we will uphold a district court's decision unless it is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) (citation and internal quotation marks omitted).

In seeking recusal, Mr. Ryan argued that the district court's rulings against him showed bias and that the district court had engaged in ex parte communications with the Secretary's counsel. But allegations regarding adverse rulings "almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And the allegations regarding ex parte communications rested on speculation and suspicion, which also are insufficient to require recusal, *see United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *Hinman v. Rogers*, 831 F.2d 937, 939

(10th Cir. 1987) (per curiam).  Therefore, the district court's denial of the recusal motion was not arbitrary, capricious, whimsical, or manifestly unreasonable.

**6.      Rule 50 Motion**

Finally, we review the grant of the Secretary's Fed. R. Civ. P. 50 motion de novo.  *Owner-Operator Indep. Drivers Ass'n , Inc. v. USIS Commercial Servs., Inc.*, 537 F.3d 1184, 1190 (10th Cir. 2008).  "In reviewing the grant of judgment as a matter of law, the question is not whether there is literally no evidence supporting the nonmoving party but whether there is evidence upon which the jury could properly find for that party."  *Id.* at 1191 (brackets and internal quotation marks omitted).

Mr. Ryan argues that he presented sufficient evidence for a reasonable jury to find that the Secretary's proffered reason for the second removal was pretext for discrimination and retaliation.  Having reviewed the transcript of the trial, however, we agree with the district court that there was insufficient evidence for the jury properly to find in favor of Mr. Ryan.

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 10 -