**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SUZANNE ELAINE MCKINNEY,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
VERIZON, INC., a U.S. corporation;
MEMORIAL HOSPITAL, a subsidiary
of UCHealth, a U.S. corporation,

Defendants - Appellees.

No. 17-1055
(D.C. No. 1:16-CV-01033-RBJ)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument.

Plaintiff Suzanne McKinney alleges that she is a former employee of the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Department of Veterans Affairs who was subjected to "reprisals and violence" after she reported fraud and forgery at the V.A. (Appellant's Opening Br. at 2.) In her district court complaint, she alleged that, as a result of her whistleblowing, V.A. employees—acting "[a]t all times . . in furtherance of their employer"—defamed and slandered her, interfered with her employment opportunities, cyberstalked and harassed her, and caused her to be shot in the head. (Appellant's App. at 17.) She raised several claims against the United States under the Federal Tort Claims Act, including claims of civil conspiracy, tortious interference with employment, personal injury, defamation, slander, and the intentional infliction of emotional distress related to the alleged slander.

Plaintiff included other defendants in two of these claims. First, she included Memorial Hospital in her personal injury claim, alleging that the hospital contributed to the injury she received from "bullet wounds through her skull" because the charge nurse at the hospital fraudulently told her that the x-ray of her head showed "normal sinuses" and "an associate of Memorial or [the V.A.] appeared at Plaintiff's bedside and urged her to 'believe' anything Memorial told her about her purported x-rays." (*Id.* at 20–21.) She alleged that "[a]s a direct and proximate result of Memorial intentionally reading fraudulent x-ray results to Plaintiff, Plaintiff did not receive necessary treatment for this grievous and life-threatening bodily injury." (*Id.* at 21.) Second, Plaintiff named Verizon in her defamation/slander claim, alleging that Verizon contributed to her injuries by

refusing to investigate the V.A.'s alleged cyberstalking and harassment of her via her phone. Plaintiff alleges, for instance, that Verizon failed to investigate or preserve evidence that "[V.A.] employees have monitored Plaintiff's phone calls and texts and forwarded the content to social network members, asking that they use specific nouns/names from those texts while engaging in loud conversation near Plaintiff." (*Id.* at 22.)

The district court held that all but one of Plaintiff's claims against the U.S. government were barred by various exceptions to the FTCA's waiver of sovereign immunity. The only claim that was not barred by the FTCA was her claim of civil conspiracy, but the court held that she had failed to state a claim upon which relief could be granted because the only proper defendant to this allegation was the United States, which cannot conspire with itself. As for Plaintiff's claim against Memorial Hospital, the court held that Plaintiff could not proceed against the hospital on a theory of vicarious liability for the intentional tortious acts allegedly committed by its employees. Finally, the court held that Plaintiff's claim against Verizon must be dismissed because she had not shown that Verizon violated a legal duty owed to her. The court therefore dismissed Plaintiff's claims.

On appeal, Plaintiff argues that the court erred in dismissing her complaint without granting her leave to amend. After carefully reviewing the appellate briefs and the record on appeal, we affirm the district court's ruling.

First, we see no error in the district court's conclusion that all but one of Plaintiff's claims against the United States were barred by the FTCA and that her remaining claim failed as a matter of law. All of Plaintiff's arguments to the contrary are based on misunderstandings of the law, as the district court correctly explained in its order of dismissal.

Second, we see no merit to Plaintiff's argument that she should have been permitted to proceed against the United States under a theory of negligence. This theory was not pled in her complaint or raised until her motion for reconsideration, and the factual allegations in the complaint do not support it. Her appellate contention that "the United States" negligently allowed its employees to intentionally retaliate against her is not based on any alleged negligence of any government officer or employee. Instead, she simply argues that the government had an affirmative duty to protect her based on the provisions of the Whistleblower Protection Act, and "[t]he United States breached its duty to [Plaintiff] under the W.P.A." when its employees retaliated against her, "result[ing] in an assault and other injuries." (Appellant's Opening Br. at 16.) This is not a true negligence claim, but a claim that she suffered retaliation in violation of the WPA. However, Plaintiff has not shown that she can bring such a claim in an FTCA action, since WPA claims generally may only be brought under the civil service procedures of the Civil Service Reform Act. *See Ryan v. Donley*, 511 F. App'x 687, 690 (10th Cir. 2013); *Steele v. United States*, 19 F.3d 531, 533

-4-

(10th Cir. 1994); *Ferry v. Hayden*, 954 F.2d 658, 661 (11th Cir. 1992) ("The CSRA specifically lists reprisal for 'whistleblowing' as a 'prohibited personnel practice,' 5 U.S.C. § 2302(b)(8)(A), and Ferry's allegation that Hayden violated his freedom of association fell within the CSRA's 'catch-all' prohibition on personnel actions violating the CSRA's merit system principles. Accordingly, the CSRA required Ferry to bring his complaint initially to the OSC."); *see also Benavidez v. United States*, 177 F.3d 927, 931 (10th Cir. 1999) ("Of course, a mere allegation of negligence does not turn an intentional tort into negligent conduct."). The district court did not abuse its discretion in denying Plaintiff's post-dismissal motion for reconsideration or amendment of her complaint on this purported negligence theory.[1]

Third, we are unpersuaded by Plaintiff's argument that the district court should have imposed sanctions against counsel for the United States and/or granted summary judgment in favor of Plaintiff on the issues of slander and libel based on the statements counsel made in her motion to dismiss. Having reviewed

---

[1] We note that this is the third federal complaint Plaintiff has filed regarding the same alleged facts. The magistrate judge found her first complaint to be deficient and directed her to make certain changes, and she accordingly filed a second amended complaint. The district court dismissed her amended complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). She then filed the complaint that is at issue in this case, alleging the same facts as in the first action. Thus, although she was not granted an additional opportunity to amend her complaint in this action, she has already had more than one chance to cure the deficiencies in her complaint.

the government's motion to dismiss, we see neither sanctionable conduct nor any reason to ignore the clear statutory prohibition against FTCA claims "arising out of" libel or slander allegedly committed by government employees. *See* 28 U.S.C. § 2680(h).

Fourth, we see no error in the district court's dismissal of Plaintiff's claim against Memorial Hospital. The district court correctly held that the hospital could not be held liable under a theory of respondeat superior. On appeal, Plaintiff contends that she should have been permitted to proceed on a theory of apparent authority based on the charge nurse's alleged misrepresentations to her. For support, she relies on the Colorado Supreme Court's decision in *Grease Monkey Int'l v. Montoya*, 904 P.2d 468 (Colo. 1995), in which the court held that a company could be found liable for fraud committed by "a non-servant agent . . . while acting within his apparent authority," *id.* at 474.[2]

We are not persuaded that *Grease Monkey* is applicable here. Notably, the individual who allegedly committed the fraud in *Grease Monkey* was the Chief Operating Officer of the company, with broad authority to act as a general officer and agent for the company; because the company did not direct or monitor his physical activities, he was a "non-servant agent," rather than an employee, and

_____

[2] The district court had supplemental jurisdiction over Plaintiff's claim against Memorial Hospital under 28 U.S.C. § 1367(a), and Colorado law governs the substantive issues regarding this claim.

-6-

thus a different analytical framework applied than would apply in the master-servant context. *Id.* In *Daly v. Aspen Center for Women's Health, Inc.*, 134 P.3d 450, 453–54 (Colo. App. 2005), the Colorado Court of Appeals held that a doctor could not be considered a "non-servant agent" of a hospital under *Grease Monkey* because the doctor (1) could not bind the hospital contractually, and (2) was an employee rather than an agent of the hospital, and thus *Grease Monkey* did not make the hospital liable for the doctor's actions. "In the absence of a state supreme court ruling, a federal court must follow an intermediate state court decision unless other authority convinces the federal court that the state supreme court would decide otherwise." *Lowell Staats Min. Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1269 (10th Cir. 1989). We have seen no authority to convince us that the Colorado Supreme Court would disagree with the reasoning in *Daly*. We accordingly conclude that amendment of the complaint to include an apparent authority theory of liability against the hospital would have been futile, and we therefore see no error in the district court's dismissal of Plaintiff's claim against Memorial without leave to amend.

We likewise see no error in the district court's dismissal of Plaintiff's claim against Verizon without leave to amend. The district court correctly explained why Plaintiff's allegations against Verizon were insufficient to state a valid claim for relief. Plaintiff argues that she should have been permitted to amend her complaint to add a claim against Verizon based on Verizon's statement at a

scheduling conference that the phone number Plaintiff claimed she owned was now an AT&T number. However, to the extent Plaintiff could state a claim against Verizon based on Verizon's apparent release of her phone number for re-use after her contract expired in 2015, we are not persuaded that the release or transfer of her phone number "form[ed] part of the same case or controversy" as the V.A.'s earlier alleged retaliation against her, and we therefore are not persuaded that the district court could or should have exercised supplemental jurisdiction over such a claim. *See* 28 U.S.C. § 1367(a). We accordingly see no abuse of discretion in the district court's denial of her request to amend her complaint to include this claim.

Finally, we note that, to the extent the district court may have misunderstood or mischaracterized some of Plaintiff's factual allegations, these mischaracterizations did not affect the district court's legal analysis of the FTCA's statutory language or the other matters at issue in this case. We see no error in the district court's legal reasoning.

We accordingly **AFFIRM** the district court's dismissal of Plaintiff's complaint. The motion to withdraw filed by Memorial Hospital's counsel on January 26, 2018, is **DENIED AS MOOT**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-8-